UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kathy Holler,

    Plaintiff,

v.

Hartford Life and Accident
Insurance Company, et al.,

    Defendants.

Case No. 1:04cv37

Judge Michael H. Watson

# ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the May 20, 2005 Magistrate Judge's Report and Recommendation (Doc. 31) regarding Defendants' Motion for Judgment on the Merits (Doc. 22) and Motion for Summary Judgment (Doc. 23).

Plaintiff brings a claim of wrongful termination of benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Plaintiff also alleges financial and emotional distress, breach of contract, bad faith, misrepresentation, and defamation of character in violation of state law. Plaintiff claims disability due to fibromyalgia, thoracic outlet syndrome, and low back pain.

A.    <u>The Magistrate's Report and Recommendation</u>.

In the R&R, the Magistrate recommends denying Defendant Hartford Life and Accident Insurance Company ("Hartford") and Fluor Daniel Fernald, Inc.'s (FDF) Motions for Judgment on the Merits and granting their Motion for Summary Judgment. The

Magistrate recommends dismissing Defendant Fluor Daniel Fernald as a party, entering judgment in favor of Plaintiff on her ERISA claim, and closing this case.

The Magistrate found that the administrative record did not support a reasoned explanation for the termination of benefits, and therefore the decision to terminate benefits was arbitrary and capricious. The Magistrate noted that courts have found that it is generally accepted that fibromyalgia tends to fluctuate in severity of symptoms so that patients have "good" days and "bad" days. The Magistrate found that the surveillance report relied upon by Hartford did not show that Plaintiff could perform the essential duties of her occupation because the investigator only observed Plaintiff outside her home on one of the three days of surveillance. Furthermore, the Magistrate noted that while Plaintiff was observed lifting and handling a number of objects, such as trash cans, a planter, grocery bags, and a pumpkin, there were no instances of Plaintiff engaging in the kind of activities required of her occupation. The Magistrate also found that the findings in the Functional Capacity Evaluation ("FCE") were inconsistent with a finding that Plaintiff could fully perform her former occupation for a full eight-hour day.

Additionally, the Magistrate found that FDF was not a plan administrator, and therefore should be dismissed as a party.

Finally, the Magistrate found that to the extent Plaintiff's state law claims arose from the denial of benefits, the claims should be dismissed as being preempted by ERISA. In the alternative, the Magistrate found that the Court could forego exercising supplemental jurisdiction over the claims.

  B. <u>Objections to the Report and Recommendation</u>.

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner. See *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Defendant Hartford filed Objections to the R&R. (Doc. 32)

Defendant Hartford objects to the R&R because the Magistrate used the standard applicable to a summary judgment motion to determine whether its decision was rational. Hartford also argues that the Magistrate impermissibly shifted the burden of proof on Hartford, substituted his own interpretation of the record, and misconstrued and ignored evidence in the record. Finally, Hartford argues that it was error for the Magistrate to rely upon evidence outside the record, specifically, information about fibromyalgia from other court decisions. Hartford points out that this information is from an Arthritis Foundation pamphlet, expert testimony, and unknown sources.

D. <u>Analysis</u>.

Hartford objects to the Magistrate's reference to the summary judgment standard, and accuses the Magistrate of ignoring the arbitrary and capricious standard of review. However, aside from Defendants' Motion for Judgment on the Merits, there is also a motion for summary judgment pending before the Court. Therefore, the Court finds it was not error for the Magistrate to announce the standard for summary judgment in the R&R. Moreover, in reviewing the R&R, the Court is unable to find any analysis which would be inconsistent the Sixth Circuit's holding in *Wilkins v. Baptist Healthcare Services, Inc.*, 150 F.3d 609 (6th Cir. 1998). In the R&R, the Magistrate specifically announces reasons why the decision to terminate benefits are not rational, and concludes that the administrative record does not support a reasoned explanation for the termination of benefits. (See Doc.

3

31 at 9, 12) The Court finds that these references show that the Magistrate was clearly reviewing the denial of benefits under the arbitrary and capricious standard.

Nor does the Court find that the Magistrate impermissibly shifted the burden of proof on Hartford. While the Court recognizes that the arbitrary and capricious standard is the least demanding form of judicial review, the Court also finds that the Magistrate properly relied on the Sixth Circuit's recent decision in *Moon v. UNUM Provident Corp.*, 405 F.3d 373, 379 (6th Cir. 2005) which instructs federal courts not to sit in review of the administrator's decision only for the purpose of rubber-stamping those decisions.

Instead, this Court is to "review the quantity and quality of the medical evidence and the opinions on both sides of the issues." *Id., quoting, McDonald v. Western-Southern Life Ins. Co.*, 347 F.3d 161, 172 (6th Cir. 2003). The Magistrate found that the conclusion of Richard Wickstrom in the FCE that Plaintiff was capable of performing the essential duties of her occupation was inconsistent with Wickstrom's finding that Plaintiff was only minimally capable of performing the physical demands of sedentary work and his recommendation that she make a gradual transition back to work. Therefore, it was proper for the Magistrate to conclude that it was not rational for Hartford to rely on the FCE; and the Court does not find that the Magistrate improperly substituted his own interpretation of the record.

Hartford cites to a laundry list of records which it relied upon to reach the decision that Plaintiff was no longer disabled. (Admin. Record at 61) Hartford argues that the Magistrate ignored these documents and focused only of the FCE, the surveillance report, and an interview of Plaintiff. While it is true that the Magistrate did not discuss all the records identified by Hartford, the excerpts Hartford has cited from these records pertain

4

to Plaintiff's low back problems, and do not discuss Plaintiff's diagnosis of fibromyalgia, which is Plaintiff's primary diagnosis.

While the report of Dr. Friedman does refer to Plaintiff's problems with fibromyalgia, this report is not one of the documents identified by Hartford in its letter denying benefits. (See Admin. Record at 61-66) The Sixth Circuit has looked with disfavor upon such *post hoc* explanations of administrative decisions:

> it strikes us as problematic to, on one hand, recognize an administrator's discretion to interpret a plan by applying a deferential "arbitrary and capricious" standard of review, yet, on the other hand, allow the administrator to "shore up" a decision after-the-fact by testifying as to the "true" basis for the decision after the matter is in litigation, possible deficiencies in the decision are identified, and an attorney is consulted to defend the decision by developing creative post hoc arguments that can survive deferential review.

*University Hospitals of Cleveland v. Emerson Electric Co.*, 202 F.3d 839, 849 n.7 (6th Cir. 2000). However, even if the Court were to consider Dr. Friedman's report and the addendum thereto (Admin. Record at 88-93, 125-26), the Court notes that Dr. Friedman's statements are based on a review of Plaintiff's records, and not on an examination of Plaintiff. Moreover, Dr. Friedman's opinion regarding Plaintiff's ability to carry out sedentary work despite her diagnosis of fibromyalgia is based upon the FCE, the surveillance report, and the interview of Plaintiff. (Admin. Record at 93)

As Dr. Friedman himself notes, in Plaintiff's case, "the issue of fibromyalgia is the most vexing one." (Id.) Dr. Friedman explains that there are "no objective laboratory tests or imaging studies which can document or exclude this disease." (Id. at 92) Therefore, it is not rational for Hartford to deny benefits based on a lack of objective evidence. *See Green v. Prudential Ins. Co. of America*, 2005 WL 1959128, *16 (M.D.Tenn. 2005) ("In this

5

case, where treating physicians and specialists have diagnosed fibromyalgia, and the medical research indicates that there are a lack of objective tests to prove this condition, it is unreasonable to require objective findings."), citing, Preston v. Sec'y of Health & Human Servs., 854 F.2d 815, 819 (6th Cir. 1988). While Plaintiff's treating physician, Dr. Samlowski, did note objective manifestations of the disease, Dr. Friedman did not credit Dr. Samlowski's observations. (Admin. Record at 126)

The Court finds that it was not error for the Magistrate to rely on Dr. Samlowski's opinion regarding Plaintiff's functional limitations. Given Dr. Samlowski's treatment of Plaintiff, and actual observation of Plaintiff, the Court finds his opinion should be given more weight than the opinion of Dr. Friedman, who only reviewed Plaintiff's records and viewed her activity on a surveillance video. While the Supreme Court has held that courts cannot require administrators to accord special weight to the opinions of a claimant's treating physician, the Court has also held that plan administrators "may not arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of a treating physician." Black & Decker Disability Plan v. Nord, 538 U.S. 822, 834 (2003). There is nothing in the record which would indicate that Dr. Samlowski's opinion is unreliable. Therefore, the Court finds that it was not error for the Magistrate to conclude that the administrative record does not support a reasoned explanation for the termination of benefits.

Finally, the Court finds that it was not error for the Magistrate to reference other court decisions which relied upon outside sources of information regarding fibromyalgia. There is nothing inherently unreliable about these sources, and the information is nothing more than a general description of the nature of fibromyalgia. Courts frequently cite to

6

sources outside the record to discussed the unique problems presented by fibromyalgia in making an assessment of disability. See *Newman-Waters v. Blue Cross/Blue Shield of Tennessee, Inc.*, 2005 WL 1263026 (E.D.Tenn. May 27, 2005) (slip op.) *and cases cited therein*. The Magistrate's reference to these sources was proper for making the determination of whether the record supports a reasoned explanation for the termination of benefits.

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's Report and Recommendation. Accordingly, the May 20, 2005, Magistrate Judge's Report and Recommendation is hereby **ADOPTED**.

It is **ORDERED** that:

1. Defendants' Motion for Judgment on the Merits (Doc. 22) be **DENIED** and Judgment be entered in favor of Plaintiff on her ERISA claim;

2. Defendants' Motion for Summary Judgment (Doc. 23) be **GRANTED**;

    a. Defendant Fluor Daniel Fernald shall be dismissed as a party to this action;

    b. Plaintiff's state law claims shall be dismissed without prejudice; and

4. This case shall be closed and stricken from the docket of this Court.

Michael H. Watson, Judge
United States District Court